John D. Bennett, S.
This court has before it a petition for adoption which it is compelled to refuse because of lack of jurisdiction.
Under the procedure before the adoption statutes were amended, it was provided that the foster child must appear for examination before the Surrogate (Domestic Relations Law, former § 112, subd. 1); that consent must be obtained from some person having lawful custody of the infant (Domestic Relations Law, former § 112, subd. 4), and that the foster child should have resided with the foster parents at least six months unless the Judge or Surrogate dispenses with such period and shall recite in the order the reason (Domestic Relations Law, former § 112, subd. 7).
Under the former law, on facts very similar to the present application, it was held that the court was without jurisdiction in People ex rel. Marabottini v. Farr (186 Misc. 811).
*601 Since the new amendments, the restrictions are even greater. The previously stated requirements have been re-enacted in subdivisions 3 and 6 of section 115, subdivision 4 of section 112 and subdivision 1 of section 116, all of the Domestic Relations Law. In addition there is a specific provision for an examination by an investigator in stage one of the adoption within 30 days as to the family status and physical and mental health of the foster child (Domestic Relations Law, § 116, subds. 2, 3). This new provision assumes that the child will be in the custody of the foster parents at the time of such examination.
In the present application the foster parents have never had custody. The infant was born in Schenectady and three competing applications for the appointment of a general guardian are reported pending before the Surrogate Judge of Schenectady County since September, 1961. The present location of the infant appears to be with one set of such applicants, a granduncle and his wife residing in Schenectady.
Under these facts this court is of the opinion that it does not have jurisdiction of the adoption of this infant and declines to entertain the same. No order need be submitted on this decision unless counsel so desires. The papers submitted will be retained on file as the basis of this decision.